TACHA, J.,
concurring.
I concur fully in the judgment. I write separately because I respectfully disagree with the majority’s conclusion that a district court may consider a pending civil suit in determining whether the MVRA’s complexity exception applies.
The majority concludes that the subsection prohibiting consideration of “compensation ... from insurance or any other source,” 18 U.S.C. § 3664(f)(1)(B), does not apply to the court’s determination of whether to deny restitution based on the complexity exception, id. § 3663A(c)(3)(B). • To reach this conclusion, the majority emphasizes that the'subsection prohibits the consideration of compensation “in determining the amount of restitution,” § 3664(f)(1)(B) (emphasis added), but does not prohibit consideration of compensation in determining whether to deny restitution under the complexity exception. In other words, the majority interprets this subsection to apply only to the court’s calculation of an actual award.
I disagree with this interpretation because I think it is inconsistent with our precedent. In United States v. Barton, we held that a district court may not consider a defendant’s economic circumstances in determining whether to apply the complexity exception. 366 F.3d 1160, 1166 (10th Cir.2004). We reached this conclusion based on the statutory language prohibiting consideration of a defendant’s economic circumstances: “In each order of restitution, the court shall order restitution to each victim in the full amount of each victim’s losses as determined by the court and without consideration of the economic circumstances of the defendant.” § 3664(f)(1)(A) (emphasis added).
The economic-circumstances subsection, § 3664(f)(1)(A), at issue in Barton immediately precedes the subsection prohibiting consideration of compensation, § 3664(f)(1)(B). Citing Barton, the majority notes that the economic-circumstances subsection applies when a court invokes the complexity exception, but limits the application of the compensation subsection to a court’s calculation of the “amount” of an actual award. Both subsections, however, contain language concerning the “amount” of a restitution award. Thus, I do not think the plain language of the statute supports the distinction that one subsection applies only to the calculation of an actual award, while the other applies both to the calculation of an award and to the availability of an award. In short, because we held in Barton that a court may not consider a defendant’s economic circumstances in invoking the complexity exception, I would similarly hold that a court may not consider other sources of compensation in invoking the exception.
I would therefore hold that a court may not consider compensation from a civil suit in determining whether to deny restitution under the MVRA’s complexity exception. In addition, because the district court in the present case clearly considered the FDIC’s pending civil suit in deciding whether to apply the exception, I would hold that the court committed a legal error.